IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION NO. 04-611-1 |
| v. : | |
| : | |
| SHAMSUD-DIN ALI : | |

### MEMORANDUM AND ORDER

**Kauffman, J.**                                                                                                      **December 9, 2008**

On April 20, 2005, Shamsud-Din Ali ("Petitioner") pled guilty to four counts of tax evasion, in violation of 26 U.S.C. § 7201. Subsequently, on June 14, 2005, following a trial by jury, he was found guilty of twenty-two counts of the Superseding Indictment, including one count of racketeering, in violation of 18 U.S.C. § 1962(c); one count of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d); two counts of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 371; three counts of mail fraud, in violation of 18 U.S.C. § 1341; eleven counts of interstate travel in aid of racketeering, in violation of 18 U.S.C. § 1952; one count of bank fraud, in violation of 18 U.S.C. § 1344; and three counts of extortion, attempted extortion, and conspiracy to commit extortion, in violation of 18 U.S.C. § 1952.

On September 21, 2005, the Court sentenced Petitioner to a total of 87 months imprisonment, five years of supervised release, $365,440.34 in restitution, and a $2,600 special assessment. Petitioner appealed his conviction and the Third Circuit affirmed. See United States v. Ali, 493 F.3d 387 (3d Cir. 2007). Now before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (the "Motion"). He argues that he is entitled to relief on five grounds, all based on the premise that his attorney throughout the

proceedings ("Counsel") provided him with ineffective assistance. For the reasons that follow, the Motion will be denied.

I.  **LEGAL STANDARD**

The Sixth Amendment of the United States Constitution establishes the right to effective assistance of counsel. To demonstrate a Sixth Amendment violation, Petitioner must prove: (1) that his "counsel's performance was deficient" and (2) that the deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687 (1984). Petitioner's burden under the first prong of Strickland is to show that his counsel's representation fell below an "objective standard of reasonableness." Id. at 688. The Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689. Under the second prong of the Strickland test, "[i]t is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693. The question, instead, is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

II.  **ANALYSIS**

    A.  **Failure to Object to the Expunged Conviction in the Wiretap Affidavit**

Petitioner claims that Counsel should have objected to evidence obtained via a wiretap because the affidavit used by the Government to obtain permission to conduct the wiretap contained a reference to Petitioner's expunged conviction. The affidavit stated in relevant part as

follows:

> In October 1973, [Shamsud-Din Ali] was convicted of the murder of Reverend Clarence M. Smith, a rival religious leader who was allegedly murdered because he preached against criminal activity in the Muslim community. ALI was sentenced to life imprisonment and spent approximately five years in state prison. ALI was released from prison after his conviction was overturned by the Pennsylvania Supreme Court. ALI was granted a new trial, but the charges were eventually dropped because the only eyewitness in the case, the daughter of Reverend Smith, was threatened and refused to testify. Thereafter, Pennsylvania State Legislator K. Leroy [I]rvis proposed a bill, which later passed, which allowed the record of ALI's conviction to be expunged and granted ALI approximately $100,000 in reparations to compensate him for the time he spent in prison.

Affidavit of Jesse L. Coleman ¶ 16c, at 16–17. Petitioner argues that, based upon the above paragraph, Counsel should have sought the exclusion of evidence obtained via the wiretap at trial.[1]

Petitioner fails to meet the first prong of Strickland. Pursuant to Franks v. Delaware, 438 U.S. 154 (1978), evidence may be excluded when it is obtained via a warrant supported by an affidavit that contains intentional or reckless misrepresentations of fact that were material to the probable cause finding. However, Petitioner has not alleged that the above-quoted affidavit contained any misrepresentation of fact. Instead, he acknowledges the truth of much of its contents in his Petition, stating "[t]he Pennsylvania Supreme Court had overturned the conviction, and the [C]ourt of [C]ommon [P]leas of Philadelphia County . . . ordered that all arrest, conviction and criminal records, [including] incarceration in Graterford State Prison[,] be expunged." Pet. 5. Nor can Petitioner show that the statement was material to the probable cause finding, as is required by Franks; the statement constituted only a small part of the 116-page affidavit, which contained information from eight cooperating witnesses and six informants.

---

[1] Petitioner does not contend that any party mentioned his expunged conviction to the jury.

See Resp. 8. With so much other supporting information in the affidavit, it is unlikely that the judge reviewing the wiretap application would have placed much weight on the paragraph concerning the expunged conviction.

Petitioner has not provided, nor can the Court find, authority pursuant to which a single true paragraph in a long and detailed affidavit can justify the exclusion of evidence. Accordingly, Counsel did not fall below an objective standard of reasonableness by failing to argue for exclusion on such a basis. See United States v. Briceno-Rodriguez, 47 F. App'x 167, 170 (3d Cir. 2002) ("[C]ounsel could not be deficient in failing to raise a frivolous argument."); Chapman v. United States, 74 F. App'x 590, 593 (6th Cir. 2003) ("Counsel is not required by the Constitution to raise frivolous defenses or arguments to avoid a charge of ineffective representation." (citing Krist v. Foltz, 804 F.2d 944, 946–47 (6th Cir. 1986))).

### B. Failure to Request a Mistrial When the Government Alluded to Drugs

The Government presented evidence at trial of Petitioner's solicitation and acceptance of payments from drug dealers as a part of its racketeering case. Petitioner argues that Counsel should have moved for a mistrial when the Government referred to drugs even though none of the Defendants in the case was charged with drug crimes.

Counsel pursued objections to the evidence vigorously, through a motion in limine, objections at trial, a post-trial motion for a new trial, argument at sentencing, and appeal. Throughout the proceedings, Counsel argued that the drug references were both irrelevant and unduly prejudicial. While the Court found that the evidence was relevant to proving the existence of an enterprise in the Government's racketeering case and that it was not unduly prejudicial, Counsel succeeded in obtaining jury instructions emphasizing the limited purpose of

the drug evidence. Given counsel's many objections to the use of the drug evidence, the Court finds that he pursued his arguments on his client's behalf with appropriate professional zeal.[2] Moreover, Petitioner cannot prove prejudice because a motion for mistrial would not have been successful. This Court denied the motion in limine to exclude the drug evidence before trial and the post-trial motion for a new trial based on admission of the drug evidence, and the Third Circuit affirmed those rulings on appeal. See Ali, 493 F.3d at 387.[3]

### C. Failure to Seek Removal of the Expunged Conviction from the Pre-Sentence Report

Petitioner argues that Counsel should have objected to the inclusion of his expunged conviction in the Pre-Sentence Report. However, even assuming arguendo that it was error for the Probation Office to include such information, Petitioner cannot establish that Counsel's failure to object to its inclusion caused him prejudice.[4] The information did not affect Petitioner's calculated guideline range. See Sentencing Mem. of Gov't; Sept. 19, 2005 Tr. of Sentencing. Moreover, the Court did not refer to the expunged conviction in imposing the sentence. See Sept. 19, 2005 Tr. of Sentencing. Indeed, the Court imposed a sentence at the bottom of Petitioner's guideline range despite the nature and the severity of the twenty-six counts for which he ultimately was adjudged guilty. Mere speculation that the expunged conviction

---

[2] Whether, and when, to move for a mistrial is a tactical decision that is within the exclusive province of the lawyer. See Virgin Islands v. Weatherwax, 77 F.3d 1425 (3d Cir. 1996).

[3] The Third Circuit held that this Court did not abuse its discretion in finding that the drug evidence was relevant to the Government's racketeering case and "thoroughly and carefully balanced the probative value and prejudicial impact of the evidence." Id. at 391–93.

[4] The Court may "choose to address the prejudice prong before the ineffectiveness prong and reject an ineffectiveness claim solely on the ground that the defendant was not prejudiced." Rolan v. Vaughn, 445 F.3d 671, 678 (3d Cir. 2006).

might have influenced the Court is not enough to establish prejudice pursuant to Strickland. See, e.g., Bradford v. Whitley, 953 F.2d 1008, 1012 (5th Cir. 1992) (mere speculation insufficient to establish prejudice); Cooks v. Spalding, 660 F.2d 738, 740 (9th Cir. 1981) (same).

Additionally, Petitioner had the opportunity at sentencing to object to the inclusion of his expunged conviction in the Pre-Sentence Report, but he chose not to do so. At sentencing, the Court had the following colloquy with Petitioner and Counsel:

> THE COURT: [Counsel], have you reviewed the pre-sentence report?
>
> COUNSEL: I have, sir.
>
> THE COURT: And have you discussed it with Mr. Ali?
>
> COUNSEL: I have, sir.
>
> THE COURT: You haven't filed any objections, so I assume there are none?
>
> COUNSEL: No, sir, there are none.
>
> THE COURT: Thank you, sir. Mr. Ali, do you agree with that?
>
> DEFENDANT: Yes, sir.

**D.      Failure to Contest the Sentence**

Petitioner argues that Counsel failed "to argue the sentence, length of time and condition[s]." Specifically, Counsel did not object to any aspect of the Pre-Sentence Report.[5] He also did not argue for a lighter sentence based upon any specific factors of 28 U.S.C. § 3553(a). Nevertheless, Petitioner cannot overcome the presumption required by Strickland that Counsel's

---

[5] Again, Petitioner did not object to the Pre-Sentence Report at sentencing despite being given the opportunity to do so. See Part II.C supra.

6

efforts met objectively reasonable professional standards. Counsel zealously highlighted the number of favorable character witnesses from trial who had attended sentencing without being asked to do so, and he reiterated Petitioner's objections to the drug evidence. He also reminded the Court of the favorable character evidence presented about Petitioner at trial. His strategy succeeded in obtaining for Petitioner a sentence at the bottom of his Guideline range despite the gravity of the many charges for which he had been convicted.[6] Strickland requires that courts give attorneys wide latitude in their choices at sentencing. See Ducato v. United States, 315 F.3d 729, 730–31 (7th Cir. 2002) (failure of attorney to present mitigation witnesses at sentencing "too uncertain" to justify reversal); United States v. Ruzzano, 247 F.3d 688, 697 (7th Cir. 2001) (mere possibility of different sentence "falls short of the required showing of a reasonable probability that the sentence would have been different"); King v. Kemna, 266 F.3d 816, 825 (8th Cir. 2001) (possibility that diminished capacity evidence might have persuaded the court to impose a more lenient sentence is "rank speculation"); United States v. Green, 680 F.2d 183, 189–90 (D.C. Cir. 1982) (the possibility that counsel could have "more eloquent[ly]" presented mitigation evidence at sentencing is "pure speculation"). In the instant case, Counsel's strategy was both objectively reasonable and effective in fact, and it is not enough for Petitioner to hypothesize that additional arguments might have had a beneficial effect. See Andrashko v. Borgen, 88 F. App'x 925, 929 (7th Cir. 2004) ("[Petitioner's] only argument on prejudice is that it 'would have been beneficial to [his] cause' had his counsel attempted to rebut the State's arguments and present mitigating evidence at sentencing. However, Strickland requires more

---

[6] Petitioner admitted guilt to four counts of tax evasion in addition to the twenty-two counts for which he was convicted by jury.

than a showing that the evidence would have been beneficial; the mere possibility of a positive effect on the trial court's sentencing decision is too speculative a basis for relief.")

Counsel also persuaded the Court, over vigorous Government objections, to allow Petitioner to remain free on bail until his appeal was decided.[7] While he did not make any other requests regarding sentencing, he may have had a sound strategic goal in mind with his choice. He may have believed that, by making only one significant request, it was more likely that it would be granted. Given the success and possible strategic basis for Counsel's efforts, the Court cannot find that his performance fell below an objective standard of reasonableness.

### E. Failure to "Present an Adequate Appeal"

In his final ground for relief, Petitioner argues that Counsel performed inadequately on appeal because he raised only the Government's references to drugs and no other issue.[8] However, Petitioner fails to meet the first prong of Strickland. It "is a well established principle that counsel decides which issues to pursue on appeal, and there is no duty to raise every possible claim." Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996) (citing Jones v. Barnes, 463 U.S. 745, 751–52 (1983)). Instead, "[a]n exercise of professional judgment is required [because] [a]ppealing losing issues 'runs the risk of burying good arguments . . . in a verbal mound made up of strong and weak contentions.'" Id. (quoting Jones, 463 U.S. at 753).

In the instant case, Counsel exercised his professional judgment by pursuing what he believed was the strongest issue on appeal. See Pet. 6 (stating that Petitioner relied on Counsel's

---

[7] The Government opposed Counsel's request both at sentencing and subsequently in a Motion for Reconsideration.

[8] Petitioner argues only that Counsel should have raised additional issues, not that he performed poorly in arguing the issue raised.

belief that the reference to drugs was the key issue in the case).  While the appeal was ultimately unsuccessful, see Ali, 493 F.3d at 387, Counsel performed adequately by selecting an appellate strategy that was not unreasonable.  See Marshall v. Hendricks, 307 F.3d 36, 105 (3d Cir. 2002) ("[I]n order to assess counsel's performance objectively, reviewing courts must resist the temptation of hindsight, instead determining whether, given the specific factual setting, and counsel's perspective at the time, his strategic choices were objectively unreasonable." (citing Strickland, 466 U.S. at 689)).

### III.   CONCLUSION

For the foregoing reasons, Petitioner's claims for relief are without merit.  Accordingly, his Motion will be denied.  Because Petitioner has not made the requisite showing "that reasonable jurists would disagree" concerning his claims, a certificate of appealability should not issue.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **CRIMINAL ACTION NO. 04-611-1** |
| **v.** : | |
| : | |
| **SHAMSUD-DIN ALI** : | |

**ORDER**

**AND NOW**, this    9th    day of December, 2008, upon consideration of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (docket no. 365), and the Government's Response thereto (docket no. 370), it is **ORDERED** that the Motion is **DENIED**. Additionally, because there is no probable cause to issue a certificate of appealability, no certificate of appealability shall issue.

**BY THE COURT:**

   **S/ BRUCE W. KAUFFMAN**
   **BRUCE W. KAUFFMAN, J.**